#29573-r-SRJ
**2022 S.D. 32**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

NORTHLAND CAPITAL FINANCIAL
SERVICES, LLC,                                              Plaintiff and Appellee,

v.

ROBERT STEPHEN ROBINSON,                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
SPINK COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE RICHARD A. SOMMERS
Judge

\* \* \* \*

PAUL J. GILLETTE of
Gillette Law Office, P.C.
Redfield, South Dakota                              Attorneys for defendant and
                                                                  appellant.


PAUL H. LINDE of
Schaffer Law Office, Prof. LLC
Sioux Falls, South Dakota                          Attorneys for plaintiff and
                                                                  appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
OCTOBER 4, 2021
OPINION FILED **06/08/22**

JENSEN, Chief Justice

[¶1.]         Northland Capital Financial Services, LLC (Northland) and Robert Robinson entered into a lease financing agreement for Robinson's purchase of grain bin monitoring equipment.  The lease agreement included a forum selection clause requiring any suit filed by either party to be filed in Stearns County, Minnesota. After Robinson stopped making lease payments, Northland filed suit against Robinson in Spink County, South Dakota, where he resided.  Northland filed a motion for summary judgment.  In granting Northland's motion, the circuit court treated Robinson's objection to the suit filed in Spink County as a question of venue and determined that Robinson failed to make a timely objection in Spink County. Robinson appeals, arguing that the forum selection clause required Northland to file the action in Stearns County, Minnesota, and that the circuit court erred in finding he had waived objection to enforcement of the forum selection clause.  We reverse and remand with directions for the circuit court to dismiss the action in Spink County.

## Facts and Procedural History

[¶2.]         Robinson purchased grain bin monitoring equipment for his farm in Spink County from American Edge Grain, Inc. on May 8, 2017.  The purchase was financed through an Equipment Master Lease Agreement (Lease) between Northland and Robinson.  Northland's place of business is located in Stearns County, Minnesota.

[¶3.]     Paragraph 21 of the Lease contained a forum selection clause that provided:

> Consent to Minnesota Law, Jurisdiction and Venue: It is agreed between the parties that this Lease has been negotiated within Stearns County, Minnesota, and finally executed within Stearns County, Minnesota, and accordingly, the Lease and all related documentation shall be governed by, and construed in accordance with, the laws of the State of Minnesota (without regard to principles of conflicts of laws) and any suit by either of the parties pursuant to this Lease shall be maintained in and the venue for any such litigation shall be in Stearns County District Court, Stearns County, Minnesota.

[¶4.]     Following the purchase, Robinson reported problems with the equipment. He claimed the problems were not addressed and stopped making Lease payments to Northland. Northland filed suit against Robinson in Spink County to collect the balance due under the Lease. Northland served a summons and complaint on Robinson on March 12, 2020. On April 10, 2020, Robinson, acting pro se, mailed a letter to Northland's counsel stating:

> According to the lease agreement that I read, paragraph number 21, says the lawsuit should take place in Stearns County, Minnesota. It says all related documents shall be governed by, and construed in accordance with the laws of the State of Minnesota. From what I read the lawsuit shall be cancelled in Spink County, South Dakota and moved to Stearns County, Minnesota.

[¶5.]     Northland's counsel responded to Robinson that the forum selection clause was included in the Lease for Northland's benefit and that it was choosing to waive the clause. Robinson did not serve and file a formal answer or a motion to dismiss.

[¶6.] Northland later filed a motion for summary judgment and attached Robinson's letter to the filing. Robinson hired counsel and resisted the motion arguing that he intended to pursue claims against Northland and other parties in Minnesota for the defective equipment, and that the forum selection clause required Northland to file the action in Stearns County, Minnesota. Robinson did not file a counterclaim against Northland or move to file a third-party complaint in Spink County.

[¶7.] Following a hearing on the motion for summary judgment, the circuit court issued a letter ruling, denying Northland's motion for summary judgment. The circuit court expressed concerns about the forum selection clause and characterized the issue as whether Spink County was the proper venue for the action. The court stated its belief that Northland was otherwise entitled to summary judgment but requested the parties to submit briefing on whether Robinson had waived the right to enforce the forum selection clause by failing to timely raise the issue under the venue statute, SDCL 15-5-10.

[¶8.] Thereafter, Robinson filed a motion to dismiss the action based upon the forum selection clause and both parties submitted briefs addressing the issues raised by the circuit court. The circuit court did not take any action on the motion to dismiss and determined that Robinson waived the right to enforce the forum selection clause by not filing a motion to change venue or a motion to dismiss. The court entered summary judgment against Robinson for the principal balance due

under the Lease, plus prejudgment interest and attorney fees incurred by Northland as permitted by the Lease.

[¶9.]     Robinson appeals the circuit court's entry of summary judgment, arguing that the circuit court erred by applying the South Dakota venue statutes to find waiver by Robinson and in failing to enforce the forum selection clause in the Lease. Northland argues that the circuit court correctly determined that Robinson failed to timely object to venue. Alternatively, Northland argues that the circuit court's summary judgment order should be affirmed because Northland was legally entitled to waive enforcement of the forum selection clause, which was intended to unilaterally benefit Northland, and sue Robinson in his county of residence.

## Analysis and Decision

[¶10.]     An order of summary judgment is reviewed de novo by this Court. *Wyman v. Bruckner,* 2018 S.D. 17, ¶ 9, 908 N.W.2d 170, 174. In considering a motion for summary judgment, "[w]e decide whether genuine issues of material fact exist and whether the law was correctly applied." *State v. BP plc,* 2020 S.D. 47, ¶ 18, 948 N.W.2d 45, 52 (citation omitted).

> **1.     *Whether the circuit court erred in determining that Robinson waived his objection to Northland's filing of the action in Spink County.***

[¶11.]     Robinson initially argues that the circuit court erred in concluding that he waived enforcement of the forum selection clause. In finding waiver by Robinson, the circuit court relied upon SDCL 15-5-10, which provides that an action may be tried in an improper county "unless the defendant, before the time for answering expires, demands in writing that the trial be had in the proper county[.]"

*See Kolb v. Monroe*, 1998 S.D. 64, ¶ 11, 581 N.W.2d 149, 151 (finding a party waived objection to venue under SDCL 15-5-10 when it did not file a motion to change venue until after the expiration of the time for filing an answer). Robinson argues that the contractual forum selection clause, not the venue statutes, controls the choice of forum for this action. Therefore, in his view, SDCL 15-5-10 does not bar his right to contest the filing of the suit in Spink County. He relies on *OT Industries, Inc. v. OT-tehdas Oy Santasalo-Sohlberg Ab*, 346 N.W.2d 162, 168 (Minn. Ct. App. 1984) to support his position that "[a] contractual forum selection clause is not governed by the rules relating to venue and jurisdiction, but rather by the rules of contractual defenses."

### a.    Choice of law

[¶12.]    Before addressing the merits, we must initially consider the law applicable to these issues. In addition to the forum selection clause, the Lease includes a choice of law provision that provides "the Lease and all related documentation shall be governed by, and construed in accordance with, the laws of the State of Minnesota (without regard to principles of conflicts of laws)[.]" While the parties cite both South Dakota and Minnesota law in addressing the issues on appeal, neither party has specifically addressed which state's law should be applied to the questions of waiver and enforceability of the forum selection clause at issue.

[¶13.]    In considering contractual choice of law provisions, we have applied the conflict of law principles from the Restatement and have stated that generally "[t]he law of the state chosen by the parties to govern their contractual rights and

duties will be applied." *Dunes Hosp., L.L.C. v. Country Kitchen Int'l, Inc.*, 2001 S.D. 36, ¶ 11, 623 N.W.2d 484, 488 (alteration in original) (quoting Restatement (Second) Conflict of Laws § 187 (Am. L. Inst. 1971)). However, the law of the forum is generally applied when the issues presented involve matters of procedure. For instance, the Restatement (Second) Conflict of Laws, § 122 (Am. L. Inst. 1971) provides that "[a] court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case." Minnesota also recognizes that "general choice of law provisions, as expressed in contracts, incorporate only substantive law, and do not displace the procedural law of the forum state." *Fredin v. Sharp*, 176 F.R.D. 304, 308 (D. Minn. 1997). As the Minnesota Supreme Court has explained, "[t]his court has for many years followed the almost universal rule that matters of procedure and remedies were governed by the law of the forum state." *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn. 1983).

[¶14.]    The question of whether waiver and enforceability of a forum selection clause are matters of procedural or substantive law has not been addressed by this Court. However, in *O'Neill Farms, Inc. v. Reinert*, this Court, without discussion, applied the forum state's law (South Dakota) to questions of enforceability of a forum selection clause in a lease, despite a determination that "Texas law controls the interpretation of the contract" under a conflicts of law analysis. 2010 S.D. 25, ¶ 12, 780 N.W.2d 55, 59. Nevertheless, courts have not necessarily been uniform in addressing the question of which state's law should be applied to a forum selection

clause.  *See* Symeon C. Symeonides, *What Law Governs Forum Selection Clauses*, 78 La. L. Rev. 1119, 1121–22 (2018) (detailing the lack of uniformity in the several different approaches that courts take in determining which jurisdiction's laws govern a forum selection clause).

[¶15.]     Some federal courts that have addressed the question have distinguished "between the *interpretation* of a forum selection clause and the *enforceability* of the clause."  *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).  Federal courts have generally treated the question of the interpretation of a forum selection clause as a substantive question controlled by the law chosen by the parties, while the enforceability of such a clause is treated as procedural in nature subject to federal common law without resorting to a choice-of-law analysis.  *See Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016) (explaining that "[w]hen the 'interpretation' of a forum-selection clause is at issue in a diversity case . . . [the court] appl[ies] the forum state's choice-of-law rules to determine what substantive law governs" (citation omitted)).  "Every circuit court decision that we have located involving a forum selection clause designating a foreign forum . . . has applied federal law . . . to decide the clause's enforceability."  *Martinez*, 740 F.3d at 222.  Making the distinction between the interpretation and the enforceability of the forum selection clause "ensure[s] that . . . courts account for both the important interests served by forum selection clauses and the strong public policies that might require . . . courts to override such clauses[,]" and also "accords with the traditional divide between procedural and substantive rules developed under *Erie*."  *Collins ex.*

*rel. herself v. Mary Kay, Inc.*, 874 F.3d 176, 181–82 (3d Cir. 2017) (first alteration in original) (quoting *Martinez*, 740 F.3d at 220–21).

[¶16.]        Neither Northland, nor Robinson, have directly challenged the enforceability of the forum selection clause in the Lease.[1]  Rather, the first issue requires this Court to consider whether Robinson's action or inaction in the litigation waived his right to enforce the forum selection clause.  We conclude this issue presents a matter of procedure and South Dakota law should be applied.  However, Northland's alternative argument requires us to interpret the language of the Lease to determine whether the forum selection clause permits Northland to waive the clause because it was included solely for Northland's benefit.  For this substantive contractual issue, we apply Minnesota law consistent with the choice of law provision in the Lease.

### b.        Northland's claim of waiver by Robinson

[¶17.]        SDCL 15-5-1 through SDCL 15-5-8 address the proper venue for civil actions filed in the State of South Dakota.  However, none of these statutes address a contractual choice of forum or venue provision agreed to by the parties and do not contain any language suggesting that the venue statutes were intended to override a valid and enforceable contractual choice of forum provision between two parties.

---

1.        We have recognized that a forum selection clause is presumptively enforceable, and "should be enforced unless 'the clause was invalid for such reasons as fraud or overreaching[,]' or 'if enforcement would contravene a strong public policy of the forum in which it is brought.'" *O'Neill Farms, Inc.*, 2010 S.D. 25, ¶ 9, 780 N.W.2d at 58 (alteration in original) (citation omitted). Neither party has claimed that enforcement of the forum selection clause would contravene public policy of either South Dakota or Minnesota.

Therefore, the statutory venue provisions have no application to the question of the enforceability of the contractual forum selection clause. Our conclusion is also consistent with Minnesota law that "[a] contractual forum selection clause is not governed by the rules relating to venue and jurisdiction, but rather by the rules of contractual defenses." *OT Indus., Inc.*, 346 N.W.2d at 168; *see also Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc.*, 320 N.W.2d 886, 892 (Minn. 1982) (finding that the rules for waiver of a contractual defense, not the rules of venue and jurisdiction, govern a case involving a forum selection clause). Further, Northland has failed to cite any authority to the contrary. Thus, the circuit court erred in applying SDCL 15-5-10 to conclude that Robinson had waived enforcement of the forum selection clause by failing to present a timely motion to dismiss.

[¶18.] Additionally, the record does not support a determination that Robinson procedurally waived his right to enforce the forum selection clause. Robinson sent a letter within thirty days after the service of the complaint objecting to the suit filed in Spink County arguing that the forum selection clause required Northland to file the lawsuit in Stearns County, Minnesota. Although Robinson did not technically comply with the proof of service requirements by serving an "answer within thirty days after the service of the complaint upon defendant," *see* SDCL 15-6-12(a), he nevertheless timely asserted his rights under the forum selection clause. Robinson's first formal pleading filed with the court again raised the forum selection clause issue and asked the court to determine that Stearns County, Minnesota was the proper forum for resolution of the parties' disputes. Robinson

also informed the court that he had a counterclaim against Northland and cross-claims against third parties that he intended to assert in Minnesota, and he did not attempt to assert any claims in Spink County. *See March v. Thursby,* 2011 S.D. 73, ¶ 13, 806 N.W.2d 239, 243 ("A person may waive [jurisdictional issues] by submitting to the jurisdiction of the court and pleading on the merits." (citation omitted)); *see also* SDCL 15-6-12(h). Robinson's actions in responding to the suit do not support a waiver determination under the Rules of Civil Procedure.

[¶19.] Finally, Northland has not cited any other basis to support a waiver by Robinson. The doctrine of contractual waiver applies if the party in possession of any right "does or forebears the doing of something inconsistent with the exercise of the right. To support the defense of waiver, there must be a showing of a clear, unequivocal and decisive act or acts showing an intention to relinquish the existing right." *Norwest Bank S.D., N.A. v. Venners*, 440 N.W.2d 774, 775 (S.D. 1989) (quoting *Subsurfco, Inc. v. B–Y Water Dist.*, 337 N.W.2d 448, 456 (S.D. 1983)).[2] Robinson's letter put Northland on notice that he objected to the lawsuit being filed in Spink County and requested the action be moved to Stearns County. The record does not demonstrate an intentional relinquishment by Robinson of his right to enforce the forum selection clause.

---

2.     Minnesota law also requires "an *intentional* relinquishment of a known right, and it must 'clearly be made to appear from the facts disclosed.'" *Hauenstein*, 320 N.W.2d at 892 (citation omitted).

### 2. Whether Northland was entitled to waive the forum selection clause.

[¶20.] Northland contends that even if Robinson did not waive his forum selection clause defense, Northland could unilaterally waive the clause by filing the action in Robinson's home county because the Lease provision providing that any suit must be filed in Stearns County, Minnesota was included for Northland's sole benefit. Northland cites the general rule in Minnesota that "a party may waive a condition precedent . . . when such condition precedent exists for his *sole* benefit and protection[.]" *Dolder v. Griffin*, 323 N.W.2d 773, 778 (Minn. 1982) (citation omitted) (emphasis added); *see also Hanson v. Moeller*, 376 N.W.2d 220, 224–25 (Minn. Ct. App. 1985). Although Northland raised this issue before the circuit court, the court did not address the question in concluding that Northland could maintain its action in Spink County.[3] Nonetheless, if Northland is legally entitled to waive the forum selection clause, the court's entry of summary judgment should be affirmed.[4] "We will affirm a circuit court's decision so long as there is a legal basis to support its decision." *Wyman*, 2018 S.D. 17, ¶ 9, 908 N.W.2d at 174 (citation omitted).

---

3. The circuit court found that Northland's decision to file the action in Spink County benefitted Robinson, but the court did not address whether Northland was entitled to waive the forum selection clause in the Lease. Our review of this issue is hampered by Robinson's failure to file a reply brief and respond to Northland's argument that it is entitled to waive the forum selection clause.

4. Robinson does not otherwise challenge the circuit court's entry of summary judgment on the merits of Northland's claim under the Lease.

[¶21.]    Our determination of whether the parties intended the forum selection clause to solely benefit Northland must start with the language of the contract. "The primary goal of contract interpretation is to determine and enforce the intent of the parties." *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). "Where there is a written instrument, the intent of the parties is determined from the plain language of the instrument itself." *Id.* Moreover, a court must give effect to the language of an unambiguous contract. *Halla Nursery, Inc. v. City of Chanhassen*, 781 N.W.2d 880, 884 (Minn. 2010). A contract is unambiguous if "it has only one reasonable interpretation." *Id.* "[W]hen a contractual provision is clear and unambiguous, courts should not rewrite, modify, or limit its effect by a strained construction." *Travertine Corp.*, 683 N.W.2d at 271.

[¶22.]    The forum selection clause in the Lease unambiguously provides that "*any suit by either of the parties* pursuant to this Lease . . . shall be in Stearns County District Court, Stearns County, Minnesota." (Emphasis added.) The mandatory language for filing suit in Stearns County, Minnesota, applies to both parties. Further, the Lease contains no language suggesting that the forum selection clause was intended to solely benefit Northland, or that the mandatory language requiring "any suit by either of the parties" could be unilaterally waived by Northland.

[¶23.]    The Colorado Court of Appeals faced a similar issue in *Avicanna Inc. v. Mewhinney*, 487 P.3d 1110 (Colo. App. 2019). The defendants, like Robinson, were sued in their home county by the out-of-state plaintiff. *Avicanna*, 487 P.3d at 1112.

The plaintiff in *Avicanna* asserted that the forum selection cause was included for its own benefit and it could therefore waive the contractual provision. *Id.* at 1113. The Colorado court noted that while "[i]t is well-settled that a party may waive a provision that was included in a contract for that party's sole benefit[,] . . . it is equally true that 'a waiver of contract requirements and conditions may not be made unilaterally when it would deprive the nonwaiving party of a benefit under the provision in question.'" *Id.* at 1113–14 (quoting 13 Williston on Contracts § 39:24, Westlaw (4th ed. database updated May 2022)).

[¶24.] The Colorado court examined the language of the parties' contract, noting that the forum selection clause provided that "[e]ach Party irrevocably attorns and submits to the exclusive jurisdiction of the courts of Ontario[.]" *Id.* at 1112. The court found that the inclusion of the language "each party" demonstrated that the forum selection clause applied to both parties and did not exclusively benefit either party. *Id.* at 1114. The court further rejected the plaintiff's argument that its status as the only Canadian resident, standing alone, showed that the forum selection clause was intended to solely benefit the plaintiff. *Id.* The court concluded that the plaintiff could not unilaterally waive the forum selection clause by suing the defendants in their home county because under the plain language of the contract, "[the] language of mutuality signals an intent to apply the forum selection clause to every signatory to the contract." *Id.*

[¶25.] A Maryland District Court also held that a party could not unilaterally waive a forum selection clause when the clause contained language stating that

"[e]ach party . . . stipulates that the State and Federal courts located in the County of New York, State of New York shall have in personam jurisdiction and venue over each of them[.]" *Imperium Ins. Co. v. Allied Ins. Brokers, Inc.*, 2012 WL 4103889, at *1, *2 (D. Md. Sept. 17, 2012). In *Imperium Insurance*, the plaintiff attempted to waive the forum selection clause by suing the defendant in Maryland, arguing that the forum selection clause was included for its sole benefit. *Id.* at *3. The court explained that "[w]hile contracting to litigate in [plaintiff's] (former) home district may appear to have been for the sole benefit of [plaintiff]," the forum selection clause was bilateral and could not be unilaterally waived because the contractual language provided a mutual benefit for both parties. *Id.*

[¶26.] Northland relies on decisions from other jurisdictions that have held a party for whose benefit the forum selection clause was placed in the contract may unilaterally waive that benefit and commence an action in the defendant's home county. *See Peoples Bank v. Carter*, 132 S.W.3d 302, 307 (Mo. Ct. App. 2004); *Investec Bank PLC v. Opalgem Invs. Corp.*, No. 652120/10, 2014 WL 6886252, *3 (N.Y. Sup. Ct. Oct. 15, 2014); *Open Text Corp. v. Grimes*, 262 F. Supp. 3d 278, 286 (D. Md. 2017); *JetBlue Airways Corp. v. Stephenson*, 931 N.Y.S.2d 284, 289 (N.Y. App. Div. 2011); *Seals v. Callis*, 848 S.W.2d 5, 7 (Mo. Ct. App. 1992).

[¶27.] Based upon the plain language of the forum selection clause in this Lease, we conclude that the cases cited by Northland are either unpersuasive or do not support Northland's position. The forum selection clauses interpreted in *Open Text, Investec Bank PLC*, and *JetBlue Airways Corporation* demonstrated a clear

intention to benefit one party by including language that was unilateral in application. In each case, the unilateral language of the forum selection clause permitted the party benefited to waive the obligation to file suit in the selected forum. *See Open Text*, 262 F. Supp. 3d at 286; *Investec Bank PLC*, 2014 WL 6886252, at *1, *3; *JetBlue Airways Corp.*, 931 N.Y.S.2d at 289. Further, in *Peoples Bank* and *Seals*, neither court gave any consideration to the language of the agreement and whether the language reflected an intent for the forum selection clause to solely benefit one party.

[¶28.]    The forum selection clause in the Lease contains no language permitting Northland to unilaterally waive the obligation to file the action in Stearns County, Minnesota, or otherwise suggesting that it was intended to solely benefit Northland. Rather, the Lease provides that "any suit by *either of the parties* pursuant to this Lease shall be maintained in and the venue for any such litigation shall be in Stearns County District Court, Stearns County, Minnesota." (Emphasis added.) The Lease unambiguously binds both parties to the forum selected. Applying Minnesota law, "[b]ecause of the presumption that the parties intended the language used to have effect, [this Court] will attempt to avoid an interpretation of the contract that would render a provision meaningless." *Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 526 (Minn. 1990). Northland's asserted interpretation of the Lease allowing them to unilaterally waive the forum selection clause would render the language "any suit by either of the parties" meaningless.

[¶29.]     We conclude as a matter of law that the forum selection clause does not permit Northland to waive the agreed choice of forum and requires an action by either party arising from the Lease to be commenced in Stearns County, Minnesota. *Brookfield Trade Ctr., Inc. v. Cnty. of Ramsey*, 584 N.W.2d 390, 394 (Minn. 1998) ("The construction and effect of a contract presents a question of law, unless an ambiguity exists."). Robinson was entitled to enforce the forum selection clause and require Northland to file the action in the forum chosen by the parties in the Lease. Therefore, we reverse and vacate the circuit court's judgment, and direct the circuit court to dismiss the case in Spink County without prejudice.[5]

[¶30.]     KERN, SALTER, DEVANEY, and MYREN, Justices, concur.

---

5.     Northland has also filed an application for appellate attorney fees. Based upon our disposition of this case, we decline to award appellate attorney fees.